NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RAEGINA M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY[1], E.M., K.M., S.M., and J.M., *Appellees*.

No. 1 CA-JV 14-0032
FILED 07-03-2014

Appeal from the Superior Court in Maricopa County
No. JD22744
The Honorable Joan Sinclair, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Eric K. Knobloch
*Counsel for Appellee*

---

[1] Pursuant to S.B. 1001, Section 157, 51st Leg., 2d Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter. *See* ARCAP 27. We refer to the agency in the body of our decision as ADES to be consistent with the record from juvenile court.

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kent E. Cattani joined.

---

**T H O M P S O N**, Judge:

¶1        Raegina M. (Raegina) appeals from the juvenile court's order severing her parental rights to her children, E.M., born in December 2005, J.M., born in May 2007, S.M., born in December 2008, and K.M., born in September 2010 (the children).  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In October 2012, the children's guardian ad litem filed a dependency petition alleging that the children's parents could not parent due to substance abuse.[2]   The juvenile court ordered the Arizona Department of Economic Security (ADES) to take temporary custody of the children.  ADES placed E.M. with his paternal aunt and J.M., S.M., and K.M. with their paternal great-grandmother.  In December 2012, the juvenile court found that the children were dependent.  The court subsequently approved a case plan of family reunification and ordered ADES to arrange for reunification services.

¶3        Raegina's participation in services was inconsistent.  She was asked to attend substance abuse treatment through TERROS, but she missed fifteen group sessions from January through March 2013.  TERROS sent Raegina a closure letter due to her non-participation.  Subsequently, she returned to TERROS but missed three TERROS sessions in April 2013, one session in June 2013, and ten sessions in July 2013.

¶4        Raegina began urinalysis testing as directed by ADES in November 2012.  From November 2012 through May 2013, she missed nine tests and tested positive for opiates and morphine sixteen times, oxycodone twelve times, and oxymorphone ten times.  In June and July

---

[2] The juvenile court severed the father's parental rights; he is not a party to this appeal.

2013 she tested positive for opiates and morphine four times.  In August 2013, she twice tested positive for opiates and morphine.

¶5            In May 2013, Raegina went to an intake appointment at the Changing Lives Center but was caught using "fake" urine during a urinalysis test.  She redid the test and tested positive for drugs.  Thus, she was denied entry into the program.  Raegina went back to Changing Lives in August 2013, but again failed a drug test during her intake appointment.  She tried a third time on November 25, 2013, had a clean test, and was admitted to the inpatient program.

¶6            ADES filed a severance motion in June 2013.  The juvenile court held a contested severance trial in January 2014.  At the time of trial, Raegina had been in the inpatient program for approximately two months and had been drug free since early November 2013.  The court terminated Raegina's parental rights pursuant to Arizona Revised Statutes (A.R.S.) § 8-533(B)(3) (2014) (parent's history of chronic abuse of dangerous drugs) and A.R.S. § 8-533(B)(8)(a) (2014) (nine months time in care).  The court also found that severance was in the children's best interests.  Raegina timely appealed.  This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 8-235 (2014).[3]

## DISCUSSION

¶7            Raegina argues that (1) the juvenile court did not make the necessary findings to support its severance order and (2) the court abused its discretion in finding that severance was in the children's best interests.

### A.  The Juvenile Court's Findings

¶8            Raegina argues that the juvenile court's severance order is defective because the court failed to make the necessary findings to support it.  Pursuant to Arizona Rule of Procedure for the Juvenile Court 66(F)(2)(a), if the moving party in a severance case meets its burden of proof, the court shall "[m]ake specific findings of fact in support of the termination of parental rights."  *See also* A.R.S. § 8-538(A) ("Every order of the court terminating the parent-child relationship . . . shall be in writing

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

and shall recite the findings on which the order is based . . . .”). Rule 66(F)(2)(a) requires the juvenile court to make “findings of fact and conclusions of law . . . sufficiently specific to enable the appellate court to provide effective review.” *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 241, ¶ 25, 282 P.3d 437, 442 (App. 2012). Raegina argues that the juvenile court did not explicitly find that (1) there were reasonable grounds to believe that her chronic substance abuse would continue for a prolonged indeterminate period and (2) ADES had made a diligent effort to provide her with appropriate reunification services under the nine months’ out-of-home placement ground. Raegina does not, however, argue that the evidence presented was insufficient to support such findings.

¶9        Raegina failed to object to the lack of specificity in the juvenile court’s findings below. Accordingly, she has waived this argument. *See Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶ 21, 153 P.3d 1074, 1081 (App. 2007) (“We generally do not consider objections raised for the first time on appeal. This is particularly so as it relates to the alleged lack of detail in the juvenile court’s findings.”) (citations omitted). Further, Raegina did not argue below that ADES failed to provide appropriate reunification services, and she has thus clearly waived that issue. *See Shawanee v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178-79, ¶¶ 16-18, 319 P.3d 236, 240-41 (2014) (holding that by failing to bring alleged lack of reunification services to the juvenile court’s attention, parent is precluded from pursuing that issue for the first time on appeal).

¶10       Moreover, waiver notwithstanding, the court’s findings in the order below were adequately detailed. To support severance on the substance abuse ground, the juvenile court needed to find that Raegina was unable to discharge her parental responsibilities because of a history of chronic abuse of dangerous drugs or controlled substances, and that there were reasonable grounds to believe that the condition would continue for a prolonged indeterminate period. *See* A.R.S. § 8-533(B)(3). The court satisfied this requirement by finding that Raegina had a chronic drug problem, in spite of her several months of sobriety prior to trial:

> Mother told TERROS . . . that she started using methamphetamine at age 18 and heroin at age 24. . . . She used heroin and prescription pain medications ‘off and on’ throughout [the dependency] case with her last use November 11, 2013. . . . Despite her efforts, Mother was

> not able to provide a clean drug test to get into inpatient treatment until November 2013, thirteen months after this dependency case started.  From this record, Mother has abused heroin for at least two years and has a history of methamphetamine abuse prior to that.  She struggled to provide a clean urine test to get into inpatient treatment. . . . The Court believes Mother's drug use in this case is chronic. . . . The Court believes Mother's substance abuse makes her incapable of discharging her parental responsibilities. . . . The Court finds that Mother's efforts here over the duration of this dependency case essentially constitute sporadic, aborted efforts to deal with her substance abuse problem.

The court further found that ADES had met its burden of proof on all of the severance motion's allegations, including the allegations that "there were reasonable grounds to believe that [Raegina's] condition will continue for a prolonged indeterminate period" and "[ADES] made diligent efforts to provide appropriate reunification services."  In addition, the court's lengthy order below outlined the services that ADES asked Raegina to participate in over the course of the dependency, including urinalysis testing, parent aide services, substance abuse counseling and treatment, and psychological and psychiatric evaluations.  We conclude that, even if Raegina had not waived her objection to the juvenile court's findings, the findings were sufficiently specific for our review.  *See Ruben M.*, 230 Ariz. at 241, ¶ 25, 282 P.3d at 442.

**B.  Best Interests**

¶11        Raegina further argues that the trial court erred in finding that severance was in the children's best interests.  "We will not disturb the juvenile court's order severing parental rights unless its factual findings are clearly erroneous, that is, unless there is no reasonable evidence to support them."  *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2, 982 P.2d 1290, 1291 (App. 1998)  (citations omitted).  We view the facts in the light most favorable to sustaining the juvenile court's ruling.  *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82, ¶ 13, 107 P.3d 923, 928 (App. 2005).  We do not reweigh the evidence, because "[t]he juvenile court, as the trier of fact in a termination proceeding, is in the best

position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002) (citation omitted).

¶**12**        To establish that severance is in a child's best interests, the court must find either that the child will benefit from the severance or that the child would be harmed by the continuation of the relationship. *James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 356, ¶ 18, 972 P.2d 684, 689 (App. 1998). Evidence of an adoptive plan is evidence of a benefit to the child. *Id.* Here, the evidence was that the children were adoptable and that ADES had a current case plan of adoption for the children. The children had been placed with relatives who are willing to adopt them and provide them with permanent homes. Accordingly, we find no error in the juvenile court's finding that severance was in the children's best interests.

¶**13**        For the foregoing reasons, the juvenile court's severance order is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh