NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SELENA T., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.T., C.M., *Appellees*.

No. 1 CA-JV 17-0527
FILED 5-31-2018

Appeal from the Superior Court in Maricopa County
No. JD530315
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By David C. Lieb
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee Department of Child Safety*

_____

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge David D. Weinzweig joined.

_____

**M c M U R D I E**, Judge:

¶1        Selena T. ("Mother") appeals the superior court's order terminating her parental rights to A.T. and C.M. ("the Children"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother is the biological parent of A.T., born in June 2015, and C.M., born in September 2016.[1] The Department of Child Safety ("DCS") took temporary custody of the Children in September 2016 after C.M. tested positive for marijuana and methamphetamines at birth, and Mother admitted to domestic violence and substance abuse occurring in her home. DCS petitioned the superior court to find the Children dependent, alleging Mother was unable to parent due to substance abuse, domestic violence, and neglect. Mother denied the allegations in the dependency petition but submitted the issue to the superior court, which found the Children dependent in November 2016.

¶3        DCS provided various services to Mother, including substance-abuse treatment, visitation, and a parental aide. Mother initially participated in substance-abuse treatment, but after several failed tests for marijuana and methamphetamines, she stopped participating in May 2017. Mother also failed to attend visitation with the Children after June 2017.

¶4        In October 2017, DCS moved to terminate Mother's parental rights on grounds of abandonment, substance abuse, and time in out-of-home placement. Mother failed to appear at the severance hearing without good cause and, after DCS presented testimony from Mother's case manager, the superior court terminated Mother's parental rights on the

_____

[1]      Neither father of A.T. or C.M. is a party to this appeal.

grounds of substance abuse and time in out-of-home placement.[2] Although the superior court explained its specific findings of fact on the record at the severance hearing, it did not recite them in the signed order dated October 27, 2017, which instead said the ruling was "based upon the findings set forth on the record."

**¶5**          Mother filed a timely notice of appeal. In her opening brief, she did not contest the substance of the superior court's findings, but instead challenged the absence of specific factual findings in the signed order as required to terminate parental rights under Arizona Revised Statutes ("A.R.S.") section 8-538(A) and Arizona Rule of Procedure for the Juvenile Court ("Rule") 66(F)(2)(a). DCS then successfully moved to suspend the appeal to allow the superior court to enter specific findings of fact and conclusions of law supporting the termination order, which the court did on February 13, 2018. The appeal was then reinstated, and DCS filed an answering brief. Mother chose not to file a reply brief. We have jurisdiction pursuant to § 8-235(A) and Rule 103(A).

## DISCUSSION

**¶6**          Mother's opening brief only asserts the superior court's order terminating her parental rights to A.T. and C.M. was "invalid" because it failed to recite the court's oral findings of fact from the severance hearing as required by § 8-538(A) and Rule 66(F)(2)(a).

**¶7**          The superior court must make two findings before it may sever a parent's rights: (1) that DCS proved by clear and convincing evidence one or more of the statutory grounds for termination; and (2) that termination of the parent-child relationship is in the best interests of the child by a preponderance of the evidence. A.R.S. § 8-537(B); Ariz. R.P. Juv. Ct. 66(C); *Shawanee S. v. ADES*, 234 Ariz. 174, 176–77, ¶ 9 (App. 2014). By statute, those findings must be specified in the superior court's order terminating a parent's rights. A.R.S. § 8-538(A); *see also Logan B. v. DCS*, 1 CA-JV 17-0327, 2018 WL 2356128, at *1, ¶ 1 (Ariz. App. May 24, 2018); *Ruben M. v. ADES*, 230 Ariz. 236, 240, ¶ 21 (App. 2012). However, we need not decide whether the lack of findings in the original order was reversible error.

---

[2]          The superior court found DCS had not proven abandonment by clear and convincing evidence.

**¶8**        The original order terminating Mother's parental rights did not state findings supporting the grounds for termination. That order, dated October 27, 2017, summarily stated each of the grounds for termination required under § 8-533(B)(3), (B)(8)(a), and (B)(8)(b). While the superior court referenced specific facts on the record at the termination hearing, § 8-538(A) and Rule 66(F)(2)(a) require those findings be part of the order terminating a parent's rights. *See Logan B.*, 2018 WL 2356128, at *1, ¶ 1; *Ruben M.*, 230 Ariz. at 240, ¶ 21.

**¶9**        It is undisputed that the court has now made the findings necessary to terminate Mother's parental rights. DCS appropriately asked this court to suspend the appeal while it filed proposed findings of fact and conclusions of law in support of the court's order. Once the court signed and filed those findings and conclusions on February 13, 2018, the order complied with § 8-538(A) and Rule 66(F)(2)(a). The court found Mother had a history of substance abuse; C.M. tested positive for marijuana and methamphetamines at birth; Mother failed several drug tests after removal, including just days before the termination hearing; and Mother completed neither the substance-abuse program nor other services. The court also found the Children's foster home placement was meeting all their needs and willing to adopt them, which would provide them with a safe home, free from substance abuse. Any error with the original order has been cured.

**¶10**        We hold the findings to be sufficient and therefore affirm the superior court's order terminating Mother's parental rights to A.T. and C.M. *See Ruben M.*, 230 Ariz. at 241, ¶ 25 (we only require the findings of fact and conclusions of law to be "sufficiently specific to enable the appellate court to provide effective review"); *Crystal E. v. DCS*, 241 Ariz. 576, 577–78, ¶ 5 (App. 2017) (this court can affirm a severance on any one of the grounds found by the superior court).

## CONCLUSION

**¶11**        Affirmed.

