NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICKY G., *Appellant,*

*v.*

PRISCILLA G., A.G., *Appellees.*

No. 1 CA-JV 19-0264
FILED 12-12-2019

Appeal from the Superior Court in Maricopa County
No. JS 19818
The Honorable Melody Harmon, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Priscilla G., Laveen
*Appellee*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

_____

**B R O W N**, Judge:

¶1   Ricky G. ("Father") appeals the juvenile court's order terminating his parental rights to his daughter, A.G., based on abandonment. For the following reasons, we affirm.

## BACKGROUND

¶2   Father and Priscilla G. ("Mother") are the biological parents of A.G., who was born in 2014. The parents separated in February 2017. After Father moved out of the home, Mother facilitated a couple of visits between A.G. and Father by providing transportation. In March, however, the parents "had a falling out," which resulted in Mother obtaining an order of protection against Father; A.G. was not listed as a protected party. The order allowed Father to contact Mother through text, email, or court processes to arrange visitation with A.G. Father emailed Mother in July 2017 to arrange a time to see A.G. Mother responded that they should put a visitation plan in writing, and Father agreed but never followed up or attempted to create a plan.

¶3   Mother filed a pro per petition to terminate Father's parental rights due to abandonment in November 2018. She also requested that the juvenile court waive the social study requirement. At the termination hearing, Mother testified that Father made no attempts to see A.G. for two years and failed to provide any financial support. Mother explained that A.G. does not know who Father is and that she identifies Mother's new husband as her father.

¶4   The court granted the petition, finding that Mother proved the statutory ground of abandonment, and termination would be in A.G.'s best interests. The court did not address Mother's request for waiver of a social study. Father timely appealed.

## DISCUSSION

**¶5**        To terminate parental rights, the juvenile court must find, by clear and convincing evidence, at least one statutory ground warranting termination, and by a preponderance of the evidence, that termination of the parent-child relationship is in the child's best interests. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 4 (App. 2017). We will not disturb the court's ruling absent an abuse of discretion or unless there is no reasonable evidence to support the court's findings. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). An abuse of discretion occurs when the court misapplies the law. *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 239, ¶ 13 (App. 2012).

**¶6**        Father's only argument on appeal is that the juvenile court erred by neglecting to order Mother to submit a social study under A.R.S. § 8-536(A), which provides in relevant part that, when a petition for termination of parental rights is filed, the court must order a social study. But the court may waive this requirement if it is in child's best interests. A.R.S. § 8-536(C). Although the record does not show the juvenile court ordered or waived the social study, Father did not object to the lack of a social study at any point during the termination proceedings. He has therefore waived this argument on appeal. *See Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44, ¶ 19 n.3 (App. 2008) (noting that a parent waives an argument by failing to raise it in the juvenile court); *see also Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, ¶ 18 (App. 2014) (holding it was incumbent on the parent to promptly raise concerns to the juvenile court about the adequacy of reunification services and her failure to do so constituted waiver of the right to challenge it on appeal).

**¶7**        Even assuming the juvenile court erred by failing to order a social study, under the circumstances of this case the error was merely technical—it had no demonstrable effect on the outcome of this termination proceeding. *See* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."). Father fails to identify any new evidence such a study might have revealed to the court. Nor does he argue that he was prejudiced by the absence of the study or explain how it would have affected the court's findings.

## CONCLUSION

¶8        We affirm the juvenile court's order terminating Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:  AA