NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PETE G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.G., N.G., *Appellees*.

No. 1 CA-JV 15-0427
FILED 5-26-2016

Appeal from the Superior Court in Maricopa County
No. JD28945
The Honorable William R. Wingard, Judge Pro Tem

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Maurice Portley joined.

**G E M M I L L**, Judge:

**¶1**        Pete G. ("Father") appeals the juvenile court's order terminating his parental rights to his children, A.G. and N.G.  For the following reasons, we affirm.

**BACKGROUND**

**¶2**        Father and Shai Z. ("Mother") are the biological parents of A.G. and N.G., who were born in 2013 and 2014, respectively.[1]  In August 2014, A.G. and N.G. were taken into temporary care by the Department of Child Safety ("DCS").  In October 2014, the juvenile court found the children dependent and approved a case plan of family reunification concurrent with severance and adoption.

**¶3**        The juvenile court ordered DCS to provide, and Father to engage in, reunification services, including substance-abuse treatment and testing.  Over the next nine months, Father failed to participate in the services provided, failed to keep in contact with DCS, and routinely missed visits with the children.  In August 2015, DCS filed a motion to terminate Father's parental rights under Arizona Revised Statutes ("A.R.S.") section 8-533, and an initial severance hearing was scheduled for September 10, 2015.  Father failed to appear at the initial severance hearing, and the juvenile court continued the hearing to October 26, 2015.

**¶4**        Father also failed to appear, without good cause, at the October 26, 2015 continued initial severance hearing, and the juvenile court proceeded in his absence.  *See* A.R.S. § 8-863(C) (allowing the court to proceed with termination proceedings if the parent has notice of them and fails to appear without just cause); Ariz. R. P. Juv. Ct. 66(D)(2).  The court found that Father had proper legal notice of the hearings, was absent without good cause at the pretrial conference, and was therefore deemed to have admitted the factual allegations against him.  After receiving testimony and exhibits, the court also determined that Father was unable to discharge his parental responsibilities due to a history of chronic drug and alcohol abuse, and that reasonable grounds existed to believe Father's

---

[1]  Mother's parental rights were terminated in November 2015, and she is not a party to this appeal.

substance abuse would continue for a prolonged indeterminate period.[2] Father timely appeals and we have jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

**¶5**      Although the right to the custody and control of one's children is fundamental, it is not absolute. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). As applicable here, to justify termination of the parent-child relationship, the juvenile court must find clear and convincing evidence supporting at least one of the statutory grounds under A.R.S. § 8-533(B). *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329, ¶ 18 (App. 2007). We will not disturb the court's order terminating parental rights unless its factual findings are clearly erroneous and no reasonable evidence exists to support them. *Minh T. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 76, 78–79, ¶ 9 (App. 2001). "[W]e will presume that the juvenile court made every finding necessary to support the severance order if reasonable evidence supports the order." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17 (App. 2004).

**¶6**      Under A.R.S. § 8-533(B)(3), the juvenile court may terminate parental rights to a child if "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."

**¶7**      At the hearing, the DCS case manager testified that Father failed to participate in rehabilitation services offered, including drug treatment and drug testing. The case manager explained that, in the tests he had provided for DCS, Father tested positive for illegal substances. Father then stopped testing altogether. The case manager also expressed his opinion that Father would continue to abuse illegal substances because of Father's failure to engage in the rehabilitative services provided. Finally, he testified that Father was unable to discharge parental duties, including basic care of the children, because of Father's substance abuse.

**¶8**      Based on the case manager's testimony and exhibits presented at the hearing, the court found that Father was abusing illegal

---

[2] The court also found that severance was in the children's best interests. Father does not challenge that finding on appeal.

substances. The court determined that because of Father's substance abuse, he was unable to discharge his parental responsibilities. The court also found that Father failed to engage in treatment offered, and thus, Father's substance abuse was likely to continue for an indefinite and prolonged period.

¶9　　　　The findings of fact on this record are sufficient to support the conclusion that Father was unable to discharge his parental responsibilities due to substance abuse, and that this condition will continue for an indeterminate period. *See* A.R.S. § 8-533(B)(3). Moreover, contrary to Father's contention, the court's findings and conclusions were "sufficiently specific to enable the appellate court to provide effective review." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 241, ¶ 25 (App. 2012); *see also* Ariz. R. P. Juv. Ct. 66(F)(2)(a) (requiring that the court "[m]ake specific findings of fact in support of the termination of parental rights and grant the motion or petition for termination").

**CONCLUSION**

¶10　　　　For these reasons, we affirm the juvenile court's termination of Father's parental rights to these children.[3]



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] Because we find the juvenile court correctly severed Father's parental rights under A.R.S. § 8-533(B)(3), we need not address Father's arguments that the court did not make adequate findings under A.R.S. § 8-533(B)(8)(c) regarding the likelihood that Father would be able to care for the children in the future.