NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHELLE D., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, G.L., R.L., T.L., A.L., *Appellees*.

No. 1 CA-JV 20-0100
FILED 10-20-2020

Appeal from the Superior Court in Maricopa County
No. JD533158
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Office of H. Clark Jones, LLC, Mesa
By Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1         Michelle D. ("Mother") appeals the juvenile court's order adjudicating her four children dependent. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Over four years, the Department of Child Safety ("DCS") investigated reports alleging Mother abused substances and neglected her children. Although the reports were unsubstantiated, in December 2019, DCS offered Mother in-home services, and service providers gave Mother beds and a dresser for the children. Mother stopped communicating with DCS and the service providers after taking the furniture.

¶3         In January 2020, police went to Mother's home looking for an individual wanted for a probation violation. There, the police found Mother with a straw and half of a Fentanyl pill in her pocket. Her home was full of drug paraphernalia, and four other individuals fled as the police entered. Two of the children were present in the home. Mother denied any drug use, except for marijuana. The police did not arrest Mother but charged her with possession of narcotic drugs and paraphernalia. Over the next month, DCS asked Mother to submit to urinalysis and hair-sample testing, but Mother refused. So, DCS took custody of the children and petitioned for a dependency.

¶4         The juvenile court scheduled an initial dependency hearing, but Mother failed to appear. The court found that Mother had received notice and her absence was without good cause. So, the court accelerated the dependency adjudication. At the hearing, the court admitted one report and made no oral or written findings of fact but concluded that the petition's allegations were true by a preponderance of the evidence. The court held the children were dependent regarding Mother. Mother timely appealed. Without requesting a stay of the appeal, Mother moved to set aside the default and dependency finding. In an unsigned minute entry, the

2

court denied Mother's motion. We have jurisdiction over Mother's appeal under Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

**¶5**         On appeal, Mother argues that the juvenile court lacked jurisdiction to rule on her motion to set aside the dependency adjudication. We need not reach this issue. As part of the order adjudicating the children dependent, the juvenile court found that "mother failed to appear without good cause shown and the Court will proceed in absentia." Mother appealed this order, but she did not challenge the good-cause finding in her opening brief. *See Robert Schalkenbach Fndtn. v. Lincoln Fndtn., Inc.*, 208 Ariz. 176, 180, ¶ 17 (App. 2004) ("Generally, we will consider an issue not raised in an appellant's opening brief as abandoned or conceded."). Mother also did not amend her notice of appeal or file a new notice of appeal regarding her motion to set aside. *See* Ariz. R.P. Juv. Ct. 104(B) (notice of appeal must designate "final order or part thereof appealed from"); *cf. Navajo Nation v. MacDonald*, 180 Ariz. 539, 547 (App. 1994) (court lacked jurisdiction when the party filed a notice of appeal before the superior court ruled on the party's motion under Ariz. R. Civ. P. 60 and the party did not file a new notice of appeal).

**¶6**         Mother next argues that the court's dependency order omits findings of fact as required under Arizona Rule of Procedure for the Juvenile Court 55(E)(3). *See Francine C. v. DCS,* 249 Ariz. 289, 295–96, ¶¶ 12–14 (App. 2020) (An appellate court cannot affirm a dependency order that lacks findings sufficiently specific to permit effective review.). After Mother filed her opening brief, this court granted DCS's request to stay the appeal so the juvenile court could enter the requisite factual findings. *See id.* at 298, ¶ 25, n.3. On June 5, 2020, the juvenile court issued an order entering factual findings supporting its dependency order. These findings are sufficiently specific to allow this court an effective review of the dependency order. *Ruben M. v. ADES*, 230 Ariz. 236, 241, ¶ 25 (App. 2012).

**¶7**         Finally, Mother asserts that no reasonable evidence supports the court's dependency order. We review the court's dependency determination for an abuse of discretion and will affirm unless no reasonable evidence supports the court's findings. *Louis C. v. DCS*, 237 Ariz. 484, 488, ¶ 12 (App. 2015). The juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of the witnesses, and resolve disputed facts." *ADES v. Oscar O.*, 209 Ariz. 332, 334,

¶ 4 (App. 2004). The court must find a child dependent by a preponderance of the evidence. *Louis C.*, 237 Ariz. at 490, ¶ 23.

**¶8**        A dependent child is one who is "[i]n need of proper and effective parental care and control and who has no parent . . . willing to exercise or capable of exercising such care and control" or "[a] child whose home is unfit by reason of abuse, neglect, cruelty or depravity by a parent." A.R.S. § 8-201(15)(a)(i), (a)(iii). Neglect is the "inability or unwillingness of a parent . . . to provide that child with supervision, food, clothing, shelter or medical care if that inability or unwillingness creates an unreasonable risk of harm to the child's health or welfare . . . ." A.R.S. § 8-201(25)(a). The juvenile court "must consider the circumstances as they exist at the time of the dependency adjudication hearing in determining whether a child is a dependent child." *Shella H. v. DCS*, 239 Ariz. 47, 50, ¶¶ 1, 12 (App. 2016); *Francine C.*, 249 Ariz. at 300, ¶ 35.

**¶9**        Mother asserts that the only exhibit the superior court relied on, a DCS court report, contains "hearsay claims of what transpired in January of 2020." Mother does not develop her argument further or assert that the report was inadmissible. *See Christina G. v. ADES*, 227 Ariz. 231, 235, ¶ 14, n.6 (App. 2011) (failure to develop argument usually results in abandonment and waiver of issue). Moreover, she did not object to the report's admission during the dependency hearing. *See Adrian E. v. ADES*, 215 Ariz. 96, 103, ¶ 24 (App. 2007) (court correctly considered an exhibit when the appellant failed to object to its admission).

**¶10**        By failing to appear without good cause at the hearing, Mother waived her right to contest the dependency petition's factual allegations. *Brenda D. v. DCS*, 243 Ariz. 437, 440, ¶ 2 (2018). Those admitted allegations, which were explicitly outlined in the court's additional findings, include that four adults were using drugs in Mother's home, which contained "drug paraphernalia," including "burnt straws, burn marks, and tin foil." Mother's family members "disclosed that [she] has a substance abuse problem," and she "refused to complete a urinalysis test and hair follicle for the Department." Additionally, the court's findings include that "Mother does not have stable employment," "has been unable to provide food for the children," "failed to protect the children," and "[left] them in the care of strangers who used drugs in the home and physically abused the children." And Mother "allowed drug paraphernalia and [F]entanyl to be within the reach" of the youngest children. These admitted facts constitute reasonable evidence supporting the dependency order.

**CONCLUSION**

¶11    We affirm the juvenile court's dependency order.



AMY M. WOOD • Clerk of the Court
FILED:    AA