NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JULIEANN S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, I.V., I.U., V.H., N.H., *Appellees.*

No. 1 CA-JV 20-0384
FILED 5-4-2021

Appeal from the Superior Court in Maricopa County
No. JD39822
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Doriane F. Neaverth
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        Julieann S. ("Mother") appeals the superior court's order adjudicating her children dependent. Mother argues the adjudication is invalid because the court did not make all required findings of fact. When the court finds the allegations in a dependency petition have been proven by a preponderance of the evidence, it must "[s]et forth specific findings of fact in support of a finding of dependency," which "shall be in the form of a signed order or contained in a minute entry." Arizona Rule of Procedure for the Juvenile Court ("Rule") 55(E)(3); A.R.S. § 8-844(C)(1)(a)(ii). For the following reasons, we affirm.

## BACKGROUND

¶2        Mother has a significant history of substance abuse and drug-related arrests. Over the span of ten years, the Department of Child Safety ("DCS") received several reports that Mother was neglecting the children. On more than one occasion, DCS offered Mother services, but she refused to participate.

¶3        In August 2020, Mother was arrested for methamphetamine possession and was later admitted to a hospital for mental health observation and evaluation. Shortly after Mother's release from the hospital, she contacted police to report, among other things, an adult living under her trailer. She claimed people were writing in codes in her notebooks and that botflies were attacking her children. Mother also believed someone was stalking her family and destroyed their home each day. When police investigated, it was apparent that Mother was suffering from a substance abuse or mental health issue, and she was involuntarily committed to a mental health hospital. The children, ages 3 through 14, appeared neglected, and after Mother's commitment, had no one to care for them. When interviewed, the children confirmed that Mother had been displaying erratic behaviors and engaging in domestic violence. The Children also reported there was intermittent food insecurity in the home. Further, Mother failed to take the children to the doctor and dentist or,

often, to send them school. DCS concluded the children were being neglected, took custody of the children, and filed a dependency petition.

¶4        After Mother was discharged from the hospital, DCS referred her for substance abuse testing and treatment, a psychological evaluation, and visitation. Mother submitted to only half of the drug tests in September and October, in which she once tested positive for amphetamine, twice for methamphetamine, and once for methadone. Mother was diagnosed with a moderate amphetamine-use disorder, but she failed to participate in substance abuse treatment. She also refused to submit to a psychological evaluation.

¶5        In November 2020, after a contested hearing, the superior court adjudicated the children dependent. In its written order, the court specifically found that Mother

> is unable to safely parent the children on the grounds of substance abuse and mental health issues as outlined in paragraph VI(A)(1) of the dependency petition and the grounds of inappropriate care and supervision as outlined in paragraph VI(A)(2) of the dependency petition. On August 24, 2020, [M]other called law enforcement out to the home and although she may have been acting afraid for a legitimate reason, she was acting erratic and irrational and the evidence fully supports that. Although there are legitimate ways and more sensible ways to react when you think someone is chasing you down or stalking you, the way [M]other acted and described on the record which is panicking, speaking real fast, and unable to describe what's going on, and why she is afraid are all signs and symptoms of mental health or substance abuse issues. The Court reminds everyone that father has said that [M]other said someone was living in the walls, she has torn up couches, that she was suicidal, and there are other issues that corroborate that mental health issues or substance abuse issues are going on.

Mother timely appealed.

## DISCUSSION

¶6        Mother argues the superior court made insufficient factual findings to support its dependency order. Specifically, Mother argues that the court failed to make findings in support of its ruling regarding her "inappropriate care and supervision" of the children and failed to make

findings that describe "what impact substance abuse and mental health . . . had upon Mother's parenting ability."

**¶7**      The sufficiency of factual findings is a mixed question of law and fact that this Court reviews *de novo*. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296, ¶ 14 (App. 2020). As stated above, Rule 55(E) requires the superior court to enter a written order "[setting] forth specific findings of fact in support of a finding of dependency." *See also* A.R.S. § 8-844(C)(1)(a)(ii) (the court must provide "[t]he factual basis for the dependency"); *cf. Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 537, ¶ 14 (App. 2018) (quoting *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 22 (App. 2012)) (at a minimum, a termination order "must specify the . . . court's conclusions of law and 'at least one factual finding sufficient to support each of those conclusions of law'"). This rule's primary purpose "is to allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law." *Ruben M.*, 230 Ariz. at 240, ¶ 24 (discussing findings in the context of termination proceedings).

**¶8**      Specific factual findings "prompt judges to consider issues more carefully because they are required to state not only the end result of their inquiry, but the process by which they reached it." *Logan B.*, 244 Ariz. at 538, ¶ 18 (citations omitted). The superior court's findings must include all the ultimate facts—"the essential and determinative facts on which the conclusion was reached." *Id.* at 537, ¶ 15 (citation omitted). However, the court need not detail each factual finding supporting its ruling. *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451–52, ¶ 19 (App. 2007). When the matter is "simple and straightforward . . . more summary findings are sufficient." *Ruben M.*, 230 Ariz. at 241, ¶ 27.

**¶9**      Here, the superior court made several factual findings in support of its legal conclusions that Mother was unable or unwilling to exercise proper and effective parental care and control. A.R.S. § 8-201(15)(a)(i). The court found that Mother had "substance abuse and mental health issues" that caused her to act "erratic[ally] and irrational[ly]" and to be suicidal. The court elaborated that Mother was "panicking, speaking real fast, and unable to describe what's going on," which the court found were clear "signs and symptoms" of Mother's drug abuse or mental-health issues. The court found that, based on the father's statements, Mother believed someone was living in the walls and had torn up couches— behaviors that further support the court's determination.

**¶10**     The superior court further supported its dependency finding by specific reference to allegations in DCS's dependency petition. By

reference, the court found that Mother was unable to safely parent the children because she has a history of substance abuse but claimed she does not do drugs. Instead, she said she smokes candy that makes different colored smoke and crystalizes in the stomach. She went on to admit caring for the children while under the influence of illicit substances. The court also found by reference that Mother exhibited various behaviors that resulted in multiple involuntary commitments to mental health facilities, and that the children were underfed, only allowed to bathe once a week, and were generally unkempt. The older children were tasked with taking care of the younger children when Mother was unavailable or unable to provide care.

**¶11** The superior court ultimately found that, based on these facts, Mother provided "inappropriate care and supervision" to the children. These findings are sufficient to allow this Court to determine the issues decided and whether the court properly applied the law. *Ruben M.*, 230 Ariz. at 240, ¶ 24.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA