NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LESLIE C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.B., *Appellees*.

No. 1 CA-JV 21-0116
FILED 9-23-2021

Appeal from the Superior Court in Maricopa County
No. JD531365
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Department of Child Safety, Mesa
By Amanda Adams
*Counsel for Appellees*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

¶1        Leslie C. ("Mother") appeals the juvenile court's order terminating her parental rights to her son, J.B., born in 2008.  Because the court's order is sufficiently supported by findings of facts and reasonable evidence, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We "view the facts in the light most favorable to upholding the juvenile court's order." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

¶3        During 2017, the Department of Child Safety ("DCS") received multiple reports that Mother was neglecting J.B.  The reports indicated Mother appeared to be abusing substances, frequently failed to pick up J.B. from school, lived in an unsafe home, and withdrew J.B. from school when she became homeless.

¶4        DCS removed J.B. from Mother's care in late 2017 and filed a dependency petition in early 2018.  The petition alleged that Mother was unable to parent J.B. due to neglect and could not meet J.B.'s need for food, appropriate shelter, clothing, and adequate supervision nor maintain the disability services J.B. received for his severe autism.  An earlier dependency in 2013 involved the same concerns.

¶5        Mother did not contest the dependency.  The court adjudicated J.B. dependent as to Mother and approved a case plan of family reunification.  DCS provided Mother with services including a parent aide, a case aide, drug testing, substance abuse assessments and treatment, case management services, counseling, and transportation.

¶6        In 2019, the court changed the case plan to severance and adoption, and DCS moved to terminate Mother's parental rights based on 15 months' time-in-care.[1] *See* A.R.S. § 8-533(B)(8)(c).  The motion alleged that J.B. remained in out-of-home care, in part, because Mother had not maintained stable housing and employment, had not provided proof of income, and could not meet J.B.'s special needs.

¶7        At a contested hearing in March 2021, both Mother and a DCS case manager testified.  The court found Mother's explanations for her

---

[1] Father is not party to this appeal.

intermittent compliance with counseling and failure to submit a hair follicle drug test were not credible, and that she had not shown stability in her employment or housing. The court also found Mother attended only two meetings for J.B.'s developmental disability services and had no plan to balance his significant needs with her ability to meet his basic needs. The court thus terminated Mother's parental rights.

¶8        We have jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rules of Procedure for the Juvenile Court 103 and 104.

## DISCUSSION

¶9        Mother argues the juvenile court failed to make sufficient factual findings to support its conclusion that she is "unable to exercise proper and effective parental care and control in the near future," under A.R.S. § 8-533(B)(8)(c).

¶10        To terminate parental rights, a court must find clear and convincing evidence of at least one statutory ground in A.R.S. § 8-533(B) and must find by a preponderance of the evidence that termination is in the child's best interests. A.R.S. § 8–537(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 281, 288, ¶¶ 7, 41 (2005); *Ruben M.*, 230 Ariz. 236, 239-40, ¶ 19 (App. 2012).

¶11        Termination based on 15 months' time-in-care requires proof that DCS "made a diligent effort to provide appropriate reunification services," but "the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement" and "there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future." A.R.S. § 8–533(B)(8), (8)(c).

¶12        A court's order terminating parental rights must make specific findings of fact to support the order. A.R.S. § 8-538(A); Ariz. R.P. Juv. Ct. 66(F)(2)(a); *see also Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 537, ¶¶ 13-14 (App. 2018). The court "is not required to list each and every fact relied upon in making its findings," but must include "the essential and determinative facts on which the conclusion was reached." *Logan B.*, 244 Ariz. at 537, ¶ 15 (internal quotation marks and citation omitted); *see also Ruben M.*, 230 Ariz. at 240-41, ¶¶ 22, 25-26 (stating court must make "at least one factual finding sufficient to support each . . . conclusion[] of law" and include all the ultimate facts necessary to resolve the disputed issues).

**¶13** Here, the court's 13-page order includes detailed factual findings that Mother had not remedied the circumstances that brought J.B. into care:

> Although Mother engaged in some services, she did not complete her Lifewell counseling, did not successfully complete parent aide services, had issues with visitation such that the Court reduced her time, remains unemployed, has unstable housing, failed to drug test as ordered by the Court, and seemingly has no plan in place to balance [J.B.'s] significant needs with being able to provide him with basic necessities.

The court also found that the evidence supported that "[t]here is a substantial likelihood that Mother will not be capable of exercising proper and effective parental care and control in the near future." These findings are sufficiently specific, and we conclude that reasonable evidence supports them. *See Ruben M.*, 230 Ariz. at 240, ¶ 24 (stating primary purpose for express findings is to allow the appellate court to determine which issues were decided and whether the juvenile court correctly applied the law, but the appellate court does not reweigh evidence).

## CONCLUSION

**¶14** Because sufficient findings of fact and reasonable evidence support the juvenile court's order terminating Mother's parental rights, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA