NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

GRACE P.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, V.X,
*Appellees.*

No. 1 CA-JV 21-0224
FILED 2-24-2022

Appeal from the Superior Court in Maricopa County
No. JD538346
The Honorable Connie Contes, Judge *Retired*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1       Grace P. ("Mother") appeals the superior court's order terminating her parental rights to her daughter. Finding no error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2       Mother has long abused drugs, including opioids for over a decade. She delivered her daughter in December 2019. At birth, the infant tested positive for methamphetamine and opiates. The infant spent 34 days in neonatal intensive care, suffering withdrawal. A safety monitor agreed to supervise Mother, and DCS implemented an in-home dependency, replete with substance abuse testing, treatment and family-preservation services. Mother often missed drug tests and skipped drug treatment. She also admitted to using Oxycodone.

¶3       DCS took custody of the daughter. Mother conceded the dependency, and the superior court found daughter dependent as to Mother with a case plan of family reunification. But Mother continued to test positive for drugs. And she often missed drug tests and did not finish substance-abuse treatment. Her parent-aide referral closed unsuccessfully because she failed to enhance her protective capacities or demonstrate sobriety. A second parent-aide referral was closed for lack of participation. Mother moved to Tucson and refused to provide DCS with her address.

¶4       In January 2021, DCS petitioned to terminate Mother's parental rights on the three independent grounds of neglect, chronic substance abuse and nine months' out-of-home placement. *See* A.R.S. § 8-533(B)(2), (B)(3), (B)(8)(a). Mother continued to miss and fail drug tests. After a two-day evidentiary hearing, the superior court terminated her parental rights on the grounds alleged. Mother timely appealed. We have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).

**DISCUSSION**

¶5        A parent's right to custody and control of her child is fundamental, but not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶¶ 11-12 (2000).  To terminate parental rights, the court must find one statutory ground for termination under A.R.S. § 8-533(B) by clear and convincing evidence, and find that termination is in the child's best interests by a preponderance of the evidence. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149-50, ¶ 8 (2018).  We will affirm a severance order unless it is clearly erroneous, accepting the court's findings of fact unless unsupported by reasonable evidence. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).  When the superior court terminates on multiple grounds, we affirm if the record supports any of them. *Id.* at ¶ 3.

¶6        Mother's parental rights were terminated on three independent grounds, but we focus on the nine-month time-in-care ground, which required DCS to show (1) the child had been in an out-of-home placement under a court order for nine months or longer, and (2) the parent had substantially neglected or willfully refused to remedy the circumstances that caused the child to be in an out-of-home placement. A.R.S. § 8-533(B)(8)(a).  "[T]he test [for this ground] focuses on the level of the parent's effort to cure the circumstances rather than the parent's success in actually doing so." *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329, ¶ 20 (App. 2007).

¶7        Mother contends the superior court did not include sufficient findings of fact and conclusions of law in the termination order.  The Arizona "legislature and supreme court have established significant procedural safeguards to protect the fundamental right at stake in juvenile proceedings." *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 295, ¶ 12 (App. 2020).  To further these protections, Arizona law requires that "[e]very order of the court terminating the parent-child relationship . . . shall be in writing and shall recite the findings on which the order is based."  A.R.S. § 8-538(A); *see also* Ariz. R.P. Juv. Ct. 66(F) ("The court shall . . . [m]ake specific findings of fact in support of the termination of parental rights," which must be "in the form of a signed order or set forth in a signed minute entry.").  On appeal, written findings are important to "determine exactly which issues were decided and whether the lower court correctly applied the law." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 24 (App. 2012).  Written findings are required on "all of the 'ultimate' facts — that is, those necessary to resolve the disputed issues," and the court must make at least one finding of fact to support each conclusion of law. *Id.* at 240-41, ¶¶ 22, 25.

¶8       Mother argues the superior court's findings of fact are insufficient under this ground because they do not show she substantially neglected or willfully refused to remedy the circumstances. We disagree. The court made ample factual findings to support its decision:

- Mother tested positive for benzodiazepines and opiates in February 2020. Between February and May 2020, she "failed to call-in to PSI and she failed to drug test as scheduled." And "Mother ha[d] failed to call-in to PSI since June 12, 2020," and "failed to drug test at PSI since May 27, 2020."

- Mother did not complete her substance-abuse treatment and "was closed out of TERROS for lack of participation." She left her inpatient substance-abuse program against medical advice and without completing the program. She closed out of a second treatment program for lack of engagement.

- She twice closed out of her parent-aide referral for lack of sobriety and engagement. And she had not visited the child since March 2021.

¶9       The order satisfies due process, and we affirm on the nine-month time-in-care ground. *See Jesus M.*, 203 Ariz. at 280, ¶ 3.

## CONCLUSION

¶10       We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA