NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NORCHELLE R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, L.N., *Appellees*.

No. 1 CA-JV 22-0147
FILED 11-10-2022

Appeal from the Superior Court in Maricopa County
No. JD38841
The Honorable Julie Ann Mata, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**F U R U Y A**, Judge:

¶1　　　　Norchelle R. ("Mother") appeals from a superior court order terminating her parental rights to her child, L.N. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　In December 2019, the Department of Child Safety ("DCS") took custody of six-year-old L.N. and filed a dependency petition alleging Mother failed to protect him from his father's physical and sexual abuse, Mother was engaging in domestic violence with Father, and Mother had untreated mental-health issues. The court adjudicated L.N. dependent after Mother pled no contest to the petition.

¶3　　　　Mother received services during the dependency proceedings, including substance-abuse testing and a treatment assessment, a psychological evaluation, a psychiatric evaluation, medication management, therapy, and visitation. However, she participated in services inconsistently and failed to stabilize her mental health. Mother's evaluating psychologist diagnosed her with depression and posttraumatic stress disorder and noted that Mother's "hold on reality at times is rather precarious."

¶4　　　　About two years into the dependency proceeding, DCS moved to terminate Mother's parental rights under the fifteen-month out-of-home placement ground. Arizona Revised Statutes ("A.R.S.") § 8-533(B)(8)(c). She then failed to appear at the pretrial conference, and the court proceeded with the termination trial. It terminated Mother's parental rights on the ground alleged, and she appealed. Mother moved to set aside the termination order, contending she had good cause for her failure to appear, but eventually withdrew that motion. We have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

**¶5** Mother first argues the court erred by not making an express finding that her failure to appear was without good cause. We review the sufficiency of the juvenile court's findings de novo as a mixed question of fact and law. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296 ¶ 14 (App. 2020).

**¶6** Here, the court's finding that Mother lacked good cause for her absence from the pretrial conference is implicit in the record. *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50 ¶ 17 (App. 2004) ("[W]e will presume that the juvenile court made every finding necessary to support the severance order if reasonable evidence supports the order."). DCS asked to proceed in absentia when Mother did not appear. The court then inquired about Mother's whereabouts and whether she had any reason for her absence. None of the parties had recent contact with her, even though she was no longer staying in an inpatient facility. Based on this conversation, the court found that Mother had received the notice and an admonition and that, "[h]aving failed to appear," she had waived her rights and admitted the petition's allegations. The court's findings are consistent with an implicit finding that Mother lacked good cause for her absence.

**¶7** Regardless, even if the court was required to make an express finding, Mother failed to object to DCS's proposed order or move to amend the order for insufficient findings. Mother must therefore demonstrate prejudice, *see Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94 ¶ 25 (App. 2005) (fundamental error requires showing prejudice), but she has not done so. Indeed, Mother moved to set aside the termination order alleging she had good cause for her absence. Although Mother later withdrew the motion, its filing shows she acknowledged the court's implicit finding and had an opportunity to address it.

**¶8** Mother next argues the court "failed to make a single finding of fact regarding its conclusion of law that there existed a substantial likelihood that [she] would not be capable of exercising proper and effective parental care and control in the near future" and that "[n]one of [its] findings of fact support [such a] conclusion." *See* A.R.S. § 8-533(B)(8)(c).

**¶9** In a termination order, the juvenile court must make findings that enable a reviewing court "to determine exactly which issues were decided and whether the lower court correctly applied the law." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240 ¶ 24 (App. 2012). To that end, the juvenile court must make specific findings regarding the "ultimate

facts," and its findings must be "sufficiently specific to enable the appellate court to provide effective review." *Id.* at 241 ¶ 25. For each conclusion of law, the juvenile court must "specify at least one [supportive] factual finding." *Id.* at 240 ¶ 22. When the grounds for the court's judgment are complicated, the court must make more detailed findings, but when they are simple and straightforward, more summary findings are sufficient. *Id.* at 241 ¶¶ 26–27.

¶10        Here, the court found that:

> Mother was not parenting the child at the beginning of the case. Mother has struggled with her mental health, substance use, lack of housing, domestic violence history, and instability. Mother was recently released from custody for criminal charges including aggravated assault. Mother has not consistently participated in services and has been unable to demonstrate stability. The child has refused to speak or visit with Mother. Mother is not able to parent the child and is not likely to be able to parent in the near future.

¶11        The court's findings establish that in over two years, Mother failed to progress in reunification services and demonstrated instability and aggression. These findings are more than sufficient to support its legal conclusion that there existed a substantial likelihood that she would be incapable of exercising proper and effective parental care and control in the near future. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151 ¶ 18 (2018) ("We accept the juvenile court's findings of fact if reasonable evidence and inferences support them.").

## CONCLUSION

¶12        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA