NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO O.N.

No. 1 CA-JV 22-0232
FILED 4-13-2023

---

Appeal from the Superior Court in Maricopa County
No. JS520170
The Honorable Christopher Whitten, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Co-Counsel for Appellee Department of Child Safety*

The Huff Law Firm, Tucson
By Laura J. Huff, Daniel R. Huff
*Co-Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

---

**W E I N Z W E I G**, Judge:

¶1        Destini V. ("Mother") appeals from the superior court's order terminating her parental rights to her child ("Daughter"). We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother is the biological parent of Daughter, born in September 2021. At Daughter's birth, Mother tested positive for methamphetamine, amphetamines, marijuana and fentanyl. Daughter suffered withdrawal symptoms and convalesced in neonatal intensive care.

¶3        Daughter is Mother's seventh child; she used drugs during each of her six prior pregnancies. Mother's parental rights were terminated to several other children because of substance abuse.

¶4        The Department of Child Safety ("DCS") took custody of Daughter upon her release from the hospital and placed her with a relative. As before, DCS sought dependency on chronic substance-abuse grounds and the court found Daughter dependent. The court set a case plan for severance and adoption. DCS offered Mother a panoply of reunification services, but Mother did not partake. DCS moved to terminate Mother's parental rights to Daughter on grounds of chronic substance abuse.

¶5        The termination hearing was set for March 2022, but was continued at Mother's request and rescheduled for June 2022. Mother did not appear for the June 2022 hearing, and the court found she lacked good cause for her absence.

¶6        A DCS caseworker testified that DCS had offered Mother "substance abuse treatment through Terros, a Nurturing Parent provider, visitations and random UA testing," but that Mother had not appeared for drug testing since the dependency first opened, and had not actively engaged in visitations, missing "at least one visit a week." The caseworker also testified that Daughter's current placement was prepared to adopt her.

**¶7**     Ruling from the bench, the court found that DCS had proven the statutory grounds of chronic substance abuse by clear and convincing evidence, and that termination was in Daughter's best interest.  It observed that Mother's substance use had "been going on for a long time[,]" and Mother had "ignored all . . . opportunities to treat it, to test for it, [and] to get assessed at Terros."  The court also found that Mother had not "expressed any desire to be [Daughter]'s parent" and had not "really engaged in services."

**¶8**     DCS lodged a proposed order, replete with findings of fact and conclusions of law, which the court later signed.  Mother timely appealed, and we have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶9**     Parents have a fundamental, but "not inalienable" liberty interest in the care and custody of their children. *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 579, ¶ 8 (2021).  To terminate parental rights, the court must find at least one statutory ground for termination under A.R.S. § 8-533(B) by clear and convincing evidence; it must also find that termination is in the child's best interests by a preponderance of the evidence. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018).  "We review the court's termination decision for an abuse of discretion and will affirm unless no reasonable evidence supports the court's findings." *Jessie D.*, 251 Ariz. at 579, ¶ 10.  The sufficiency of factual findings is a mixed question of fact and law that we review de novo. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296, ¶ 14 (App. 2020).

**¶10**     For termination based on prolonged substance abuse, DCS must provide clear and convincing evidence that Mother (1) has a "history of chronic abuse of controlled substances," (2) cannot "discharge parental responsibilities because of [her] chronic abuse of controlled substances," and (3) "there are reasonable grounds to believe that [her] condition will continue for a prolonged and indeterminate period." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010); A.R.S. § 8-533(B)(3).

**¶11**     Mother argues the juvenile court violated her due process rights by "fail[ing] to make a single finding of fact regarding its conclusion of law that there existed a substantial likelihood that substance abuse rendered Mother unable to discharge parental responsibilities toward [Daughter]."  Mother did not raise this argument in the superior court, but

we exercise our discretion to reach the merits. *See Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018).

**¶12** Arizona law mandates that "[e]very order of the court terminating the parent-child relationship . . . shall be in writing and shall recite the findings on which the order is based." A.R.S. § 8-538(A). Written findings are required on "all of the 'ultimate' facts—that is, those necessary to resolve the disputed issues," and the court must make at least one finding of fact to support each conclusion of law. *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240–41, ¶¶ 22, 25 (App. 2012). This requirement allows the appellate court to "determine exactly which issues were decided and whether the lower court correctly applied the law." *Id.* at 240, ¶ 24.

**¶13** The superior court did not err. In its written order, the court observed:

- "Mother is unable to discharge her parental responsibilities because of a history of chronic abuse of dangerous drugs, controlled substances and/or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."

- "Mother has now used methamphetamines and marijuana throughout six pregnancies."

- "Despite her extensive history and the positive test results clearly showing she was using substances, Mother has denied using any substances."

- "[Mother] refused to speak with the DCS specialist about the substance abuse allegations."

- "[Mother] was not present for her termination hearing, despite receiv[ing] an admonition notifying [her] of the need to attend all court hearings and that the failure to appear could result in a finding that [she has] waived [her] legal rights, admitted the allegations in the motion and that the Court could proceed with termination of [her] parental rights based upon the record presented."

**¶14** That was enough to support the court's conclusion that Mother was unlikely to be able to parent. *See Francine C.*, 249 Ariz. at 299, ¶ 27. Mother's prolonged history of substance use, her failure to address

the problem despite using drugs in six prior pregnancies, and her disregard for services and refusal to cooperate with the DCS caseworker all support the court's conclusion that Mother could not safely parent her child. The order satisfied due process.

## CONCLUSION

¶15          We affirm.



AMY M. WOOD • Clerk of the Court
FILED: CC