NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO E.P.

No. 1 CA-JV 22-0261

FILED 4-20-2023

---

Appeal from the Superior Court in Maricopa County
No.  JD533711, JS520351
The Honorable Ashley V. Halvorson, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

**T H U M M A**, Judge:

¶1 Leilyssa F. (Mother) appeals the order terminating her parental rights to E.P., arguing the superior court failed to make necessary findings of fact. Because Mother has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 Mother has a long history of illegal drug use, including methamphetamine and heroin and using while pregnant with E.P. In January 2020, Mother gave birth to E.P., who tested positive for methadone. E.P.'s father is not a party here. The Department of Child Safety (DCS) investigated and provided Mother and E.P. in-home services.

¶3 In October 2020, after Mother relapsed, DCS took E.P. into care and filed a dependency petition. Later that month, the court found E.P. dependent as to Mother and adopted a family reunification case plan. DCS provided Mother services and she made "immense progress." After returning E.P. to Mother's physical custody in October 2021, in late February 2022 the court dismissed the dependency.

¶4 Three days later, while police were executing a warrant for Mother's alleged credit card fraud, they found methamphetamine, fentanyl and drug paraphernalia in plain view where Mother was living. When Mother was arrested, DCS took E.P. back into care in March 2022 and filed a new dependency petition. In June 2022, the court found E.P. dependent as to Mother, who without good cause failed to appear at a hearing.

¶5 In April 2022, DCS petitioned to terminate Mother's parental rights given the prior removal. *See* A.R.S. § 8-533(B)(11). In October 2022, Mother failed to appear at the severance adjudication without good cause, though her counsel was present and cross-examined witnesses. The court received various exhibits and took judicial notice of several orders. The DCS caseworker testified about the prior dependency, services DCS offered, Mother's relapse, the second dependency in March 2022 and E.P.'s placement. The testimony showed that Mother's substance abuse posed a safety risk to E.P. and that Mother had been offered many services by DCS but did not show consistent interest in the services. The caseworker also testified why termination of Mother's parental rights was in E.P.'s best interests.

**¶6**    At the close of the evidence, the court granted DCS' petition. The court's subsequent severance order found DCS had proven the ground for terminating Mother's parental rights by clear and convincing evidence and found, by a preponderance of the evidence, termination was in E.P.'s best interests. Mother timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A) and 12-2101(A), and Ariz. R.P. Juv. Ct. 601-03.

## DISCUSSION

**¶7**    Mother does not argue that the trial evidence was insufficient for severance. Nor does she challenge the best interests findings, which the record fully supports. Mother concedes that the court "made all of the requisite conclusions of law." Instead, Mother asserts that "the court failed to make a single finding of fact regarding its conclusion of law that [E.P.] previously was cared for in an out-of-home placement pursuant to court order." Although DCS argues waiver, Mother's argument fails on the merits.

**¶8**    As relevant here, DCS had to prove "the child was in an out-of-home placement pursuant to court order." A.R.S. § 8-533(B)(11). The severance order found E.P. "was previously cared for in an out-of-home placement pursuant to court order." The order also found that E.P., "pursuant to a court order dated October 20, 2021, was returned to the legal custody of" Mother, "from whom the child was removed." The order then found that E.P. "was again removed from" Mother's "legal custody" in March 2022. All of these findings reflect the evidence received by the court, judicial notice of its own orders about placement of the child.

**¶9**    By rule, the court had to "make specific findings of fact in support of the termination." Ariz. R.P. Juv. Ct. 353(h)(2)(A). Although not effusive, the severance order does just that. And particularly given the statutory ground on which severance was sought, the severance order properly allows this court "to determine exactly which issues were decided" and whether the superior court "correctly applied the law." *See Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240 ¶ 24 (App. 2012). Mother does not claim that the evidence received fails to support the court's findings, "whether or not each supportive fact is specifically called out by the trial court in its findings." *See Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451–52 ¶ 19 (App. 2007); *accord Logan B. v. Ariz. Dep't of Econ. Sec.*, 244 Ariz. 532, 537 ¶ 15 (App. 2018) ("the juvenile court is not required to list each and every fact relied upon in making its findings"). Finally, to the extent Mother argues the court's conclusions of law were, instead, findings

of fact (or vice versa), the severance order states "Conclusions of Law shall constitute Findings of Fact as may be appropriate."

**CONCLUSION**

¶10      The termination order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA