NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO J.A. and J.A.

No. 1 CA-JV 24-0190

FILED 11-24-2025

---

Appeal from the Superior Court in Maricopa County
No. JD41624
The Honorable Michael Rassas, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Office of the Public Advocate, Mesa
By Seth Draper
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1	Sheryl M. ("Mother") appeals the superior court's order terminating her parental rights as to J.A. and J.A.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2	Mother and Robby A. ("Father") are the biological parents of J.A. and J.A.  Father is currently incarcerated and is not a party to this appeal.

¶3	In February of 2022, the Department of Child Safety ("DCS") discovered Mother, J.A., and J.A. living in a park.  The children needed food and medical care and had no place to spend the night.  At a Team Decision Making Meeting, Mother agreed to an out-of-home placement for J.A. and J.A. with their paternal grandmother.  DCS also asked Mother to self-refer to counseling.

¶4	DCS filed a dependency petition alleging that Mother was unable to provide for the basic needs of J.A. and J.A.  Mother pleaded no contest to the dependency petition and the superior court adjudicated J.A. and J.A. dependent.  The superior court ordered that the initial case plan would be family reunification and that DCS would provide Mother services including: drug testing, substance-abuse treatment at Terros, Family Connections, transportation, supervised visitation, and a psychological consult.

¶5	Mother engaged in services infrequently and DCS discontinued these services when Mother failed to participate.  Mother briefly engaged in visitation but stopped because of missed visits and lack of communication.  DCS referred her twice to Terros substance-abuse treatment, but Terros discontinued both due to a lack of engagement.  She also failed to participate regularly in required drug testing and only completed two tests over the course of the dependency.  Based on Mother's lack of engagement with services, in June 2024, the superior court changed her case plan to termination and adoption.  DCS then moved to terminate Mother's parental rights on nine-month out-of-home placement and fifteen-month out-of-home placement grounds.

¶6	In September of 2024, DCS asked the superior court to order that "any medical, mental health and/or drug-abuse and alcohol-abuse treatment provider produce any and all records for [Mother]."  DCS noted that it had been unable to obtain Mother's consent for the release of records.  The superior court granted the request.

**¶7**          Later in September, Mother failed to appear at a pretrial conference without good cause. The superior court found that Mother had "waived her right to contest the allegations of the severance motion," and deemed them admitted against her.

**¶8**          The superior court held a status conference in October, and Mother again failed to appear without good cause. The superior court proceeded to conduct a termination hearing in Mother's absence. The superior court admitted two reports from DCS into evidence, one dated March 2, 2022, and the other dated May 31, 2024. A DCS case manager testified about Mother's failure to engage in services and her unwillingness and inability to remedy the circumstances which resulted in the dependency. After the testimony, the superior court held that DCS had proved both the nine-month out-of-home placement ground and the fifteen-month out-of-home placement ground by clear and convincing evidence, and that the termination was in the children's best interests by a preponderance of the evidence. The superior court then ordered DCS to provide proposed findings of fact and conclusions of law for the court.

**¶9**          On October 25, 2024, DCS provided the superior court with proposed findings of fact and conclusions of law in the form of a proposed order. On November 19, 2024, the superior court adopted and signed DCS's proposed order terminating Mother's parental rights. Mother appeals and we have jurisdiction under A.R.S. §§ 8-235, 12-120.21, and -2101(A)(1).

## DISCUSSION

**¶10**          Mother argues the superior court erred by adopting DCS's proposed findings of fact and asserts the record does not support those findings. DCS argues mother waived this claim by raising it for the first time on appeal. The sufficiency of factual findings is a mixed question of law and fact which we review de novo. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296, ¶ 14 (App. 2020). We accept the superior court's findings of fact, provided they are supported by reasonable evidence and inferences. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478, ¶ 30 (2023).

I.          Waiver.

**¶11**          Generally, the failure to raise an issue before the superior court waives the issue on appeal. *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018). But "the decision to find waiver is discretionary," *id.* at ¶ 9, and we decline to apply waiver in this case.

II.     Sufficiency of Findings of Fact.

**¶12**     Mother argues that by accepting DCS's proposed findings of fact and conclusions of law verbatim, the superior court improperly delegated its authority.  Mother further asserts that the superior court's findings of fact and conclusions of law contain factual errors which require remand to address.  We disagree with both arguments.

**¶13**     The superior court is required to make findings of fact and conclusions of law to aid appellate review.  *Ruben M. v. Arizona Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 24 (App. 2012).  "[F]indings of fact and conclusions of law should be sufficiently specific to enable the appellate court to provide effective review."  *Id.* at ¶ 25.  The superior court must make at least one factual finding to support each conclusion of law.  *Id.* at ¶ 22.  When "the grounds for the court's judgment are simple and straightforward . . . summary findings are sufficient."  *Id.* at 241, ¶ 27.

**¶14**     The superior court "may adopt proposed findings that the parties submit, but only if those findings are consistent with the ones that it reaches independently after properly considering the facts."  *Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990).  Nothing in A.R.S. § 8-538(A) or Arizona Rule of Procedure for Juvenile Court 353(h) prohibits the superior court from adopting findings lodged by a party.  In this case, Mother failed to appear without good cause at the pretrial conference, and the superior court deemed Mother to have admitted the factual allegations in the termination motion.  "There is certainly nothing improper (or even unusual) about a court's accepting, verbatim, factual allegations by one party that the opposing party has admitted."  *In re Termination of Parental Rts. as to J.B. and N.N.*, 1 CA-JV 25-0009, 2025 WL 1937424, at *4, ¶ 30 (Ariz. App. July 15, 2025) (mem. decision).

**¶15**     Even though the superior court deemed the allegations admitted by Mother, "the state must nevertheless meet its burden of proof by presenting sufficient evidence to establish a ground for termination and that termination is in the child's best interests."  *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 446, ¶ 32 (2018).  Mother claims the record does not support four of the findings of fact.  First, Mother argues there is no evidence that she failed to self-refer to counseling services.  Second, Mother argues there is no evidence explaining why she did not complete Family Connections.  Third, Mother argues the findings incorrectly state that she submitted to three urinalysis tests, which all came back positive.  Fourth, Mother argues there is no evidence she lacks a bond with her children.

**¶16** As to her first argument, the superior court found that "Mother did not provide any documentation of engaging in counseling." Mother argues DCS cannot prove she failed to participate in self-referred counseling. But the superior court did not find that Mother failed to engage in counseling — only that she had not provided documentation of such engagement. DCS asked Mother to refer herself to counseling and attempted to obtain records confirming her participation. Mother did not provide DCS access to such records. Nor is there other record evidence that Mother participated in self-referred counseling. The record reflects the lack of documentation about Mother's self-referred counseling and the superior court could rely on that omission when considering Mother's failure to remedy the circumstances that cause the out-of-home placement. Sufficient evidence supports the superior court's finding.

**¶17** Mother next argues that insufficient evidence supports the superior court's finding that "Mother unsuccessfully closed out of Family Connections due to lack of engagement." However, the case manager testified that Mother had been offered Family Connections services, and she had not engaged with them. This testimony supports the superior court's finding. *See Brionna J.*, 255 Ariz. at 478, ¶ 30 (stating that we must accept findings of fact that are supported by reasonable evidence and inferences).

**¶18** Next, Mother argues there is insufficient evidence to support the superior court's finding that "Mother only completed approximately three urinalysis tests for DCS, all of which were positive for THC." A May 31, 2024 report stated that Mother had "only completed 1 [urinalysis] test" at that time and later referred to a test in June with pending results. The case manager testified Mother had completed two urinalysis tests as of October. The superior court found Mother submitted "approximately three" urinalysis tests. Given the record, sufficient evidence supports the superior court's approximation of the number of tests performed. *See id.*

**¶19** Finally, Mother argues insufficient evidence supports the superior court's finding that "[Mother] has also not been consistent in visiting with the children and frequently cancels or fails to attend visits impacting her bond with the children." Mother points out that the record lacks testimony or other evidence to support the finding that Mother's failure to participate in visitation impacted her bond with her children. But the superior court could reasonably infer from the record that Mother's lack of visitation negatively impacted her bond with her children. *See id.* The case manager testified that Mother lost her referral for supervised visits multiple times for "missing visits and for lack of communication with the case aides in order to schedule." And the May 31, 2024 report states

"[Mother] had started to engage in visitation services, however the referral for supervised visits ended up being closed after she stopped communicating with the agency and missed several visits in a row." The superior court could reasonably extrapolate that Mother's lack of visitation adversely impacted her bond with her children. *Cf. Toni W. v. Arizona Dep't of Econ. Sec.*, 196 Ariz. 61, 67, ¶ 19 (App. 1999) (inferring abandonment because mother did not attempt to develop a relationship with child). Sufficient evidence supports the superior court's finding.

¶20 In sum, we are not persuaded by Mother's assertion that the superior court improperly outsourced its obligation to make findings of fact and conclusions of law by adopting DCS's proposed findings of fact and conclusions of law. Nor are we persuaded that the superior court's findings of fact and conclusions of law are unsupported by evidence or legally insufficient.

¶21 Mother did not challenge the superior court's best interests finding, so we "accept that finding and do not address it further." *Michael J. v. Arizona Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 13 (2000).

## CONCLUSION

¶22 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

6